Louie J. Yanza
MAHER • YANZA • FLYNN • TIMBLIN, LLP
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
GILBERT JOSE MATTA

FILED
DISTRICT COURT OF GUAM
JUL 2 6 2005
MARY L.M. MORAN
CLERK OF COURT

# U.S. DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00039 |
| Plaintiff, | MOTION TO RECONSIDER DETENTION; MEMORANDUM OF LAW; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE |
| vs. | |
| GERARDO ELOY GONZALEZ, JR., JOHN TIMOTHY PERALTA, DEANNA INGRID MORALES a/k/a DEANNA MORALES GUERRERO, SEAN MICHAEL COLE a/k/a SHAWN COLE, GILBERT JOSE MATTA, JESSICA ROSE MESA, LISA MARIE RODRIGUEZ a/k/a LISA RODRIGUEZ-COLE, AND ANNETTE JOYCE GONZALEZ a/k/a ANNETTE ROMERO | |
| Defendants. / | |

TO: Plaintiff UNITED STATES OF AMERICA, by and through its attorney of record, MARIVIC P. DAVID, Assistant U.S. Attorney

## MOTION TO RECONSIDER DETENTION

COMES NOW Defendant GILBERT JOSE MATTA ("MATTA"), through counsel, MAHER • YANZA • FLYNN • TIMBLIN, LLP, by Louie J. Yanza, and hereby moves this Honorable Court to reconsider releasing him on bail, with specific conditions as outlined below:

-1-

ORIGINAL

1. That Defendant MATTA be released on $50,000.00 personal recognizance bond or, in the alternative;

2. That Defendant MATTA be subject to electronic monitoring and drug testing and, if required by Pretrial Services, and/or any other conditions that this Court finds reasonable;

3. That Defendant MATTTA reside with his girlfriend and co-defendant, JESSICA ROSE MESA, at 111 Chalan Balako, Dededo, Guam 96929,.

This motion is based upon the notice, memorandum of law and documents and records on file herein.

Dated this 26th day of July, 2005.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
GILBERT JOSE MATTA

By: _____
LOUIE J. YANZA

## MEMORANDUM OF LAW

Title 18 U.S.C. §3142, governs release of persons awaiting trial and permit courts to release those persons unless the judicial officer finds that the person is likely to flee or pose a danger to the safety of any other person or the community. Defendant MATTA asserts that there is a clear and convincing evidence that he is not a flight risk or that he does not pose a danger to the community.

Defendant MATTA is not a flight risk. He considers Guam his home. His girlfriend, Defendant MESA, resides here on Guam. When released, Defendant MATTA will reside with his girlfriend at 111 Chalan Balako, Dededo, Guam 96929.

Defendant MATTA also asserts he is not a danger to the community. Title 18 U.S.C. §§3142 and 3143 do not provide a bright-line answer to what constitutes "danger" to the community. However, Congress did not declare that the community is entitled to assurances of freedom from all harm and a court cannot detain a defendant on the mere apprehension of danger of harm. Rather, the court's inquiry must focus on whether by conditions of release the community can <u>reasonably</u> be assured of safety. In this case, the Court can feel secure the community is not at risk should Defendant MATTA be released. Conditions of release can certainly be fashioned that will ensure the protection of the community.

This Court has many options rather than pre-sentencing incarceration. It can order daily appearances before pretrial services, electronic monitoring or other forms of curfew, full-time employment, third-party custody, drug testing, bail, and/or a property bond. In the instant case, this Court can also order a bond secured by Defendant MATTA in his girlfriend's home.

Moreover, there are many sanctions available to the Court should Defendant MATTA fail to comply with the terms and conditions of his supervised release. Under 18 U.S.C. §3146, Defendant MATTA can be given a prison sentence apart from a consecutive to the sentence Defendant MATTA may receive if he is convicted of the underlying offense.

In addition, under 18 U.S.C. §3147, if the defendant commits a crime while on release, he will receive a sentence **consecutive** to the underlying offense. Section

Case 1:05-cr-00039   Document 51   Filed 07/26/2005   Page 3 of 7

3147 is designed to deter those who would pose a risk to community safety by committing another crime when released and also to punish those who indeed are convicted of another offense.

Hence, this Court has at its disposal two highly effective statutes designed to deter persons from failure to appear and from committing offenses while on release. Defendant MATTA is fully aware of these sanctions, and respectfully submits this Court will not have to use them if Defendant MATTA is released on appropriate conditions.

## CONCLUSION

Defendant MATTA asserts that he is not a flight risk or danger to the community and respectfully requests that this Court release him upon terms and conditions this Court deems appropriate.

Respectfully submitted this 26th day of July, 2005.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**GILBERT JOSE MATTA**

By: ~~LOUIE J. YANZA~~

## DECLARATION OF COUNSEL

I, LOUIE J. YANZA, hereby declare and state as follows:

1. I am appointed counsel for Defendant GILBERT JOSE MATTA, having been appointed pursuant to the Criminal Justice Act.

2. That the facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Hagatña, Guam, this 26th day of July, 2005.

_____
LOUIE J. YANZA

# CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before July 26, 2005, I caused to be sent by personal service or by facsimile a copy of the annexed **Notice of Motion; Motion to Reconsider Detention; Memorandum of Law; Declaration of Counsel; Certificate of Service**, to the following parties at their place of business:

| | |
|---|---|
| **Ms. Marivic P. David**<br>Assistant U.S. Attorney<br>Suite 500, Sirena Plaza<br>108 Hernan Cortez Avenue<br>Hagatña, Guam 96910<br>**Counsel for the United States of America** | **Howard G. Trapp, Esq.**<br>HOWARD TRAPP INCORPORATED<br>200 Saylor Building<br>139 Chalan Santo Papa<br>Hagatña, Guam 96910<br>**Counsel for Defendant Sean Michael Cole a/k/a Shawn Cole** |
| **Joaquin C. Arriola, Jr., Esq.**<br>ARRIOLA, COWAN & ARRIOLA<br>259 Martyr Street, Suite 201<br>Hagatña, Guam 96910<br>**Counsel for Defendant Jessica Rose Mesa** | **Ms. Cynthia V. Ecube**<br>LAW OFFICES OF CYNTHIA V. ECUBE<br>207 Martyr Street, Suite 3<br>Travel Pacificana Building<br>Hagatña, Guam 96910<br>**Counsel for Defendant Annette Joyce Gonzalez a/k/a Anette Romero** |
| **William L. Gavras, Esq.**<br>LAW OFFICES OF GORMAN & GAVRAS<br>2nd Floor, J&R Building<br>208 Route 4<br>Hagatña, Guam 96910<br>**Counsel for Defendant John Timothy Peralta** | **Samuel S. Teker, Esq.**<br>TEKER TORRES & TEKER, P.C.<br>130 Aspinall Avenue, Suite 2A<br>Hagatña, Guam 96910<br>**Counsel for Defendant Deanna Ingrid Morales a/k/a Deanna Morales Guerrero** |

//

//

| | |
|---|---|
| 1 | NOTICE OF MOTION; MOTION TO RECONSIDER DETENTION; MEMORANDAUM OF LAW; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE |
| 2 | United States of America v. Gerardo Eloy Gonzalez, et al.<br>U.S. District Court of Guam, Criminal Case No. 05-00039 |

**G. Patrick Civille, Esq.**
CIVILLE & TANG, PLLC
Suite 200, 330 Hernan Cortez Avenue
Hagatña, Guam 96910
**Counsel for Defendant Lisa Marie Rodriguez a/k/a Lisa Rodriguez-Cole**

Dated this 26th day of July, 2005.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**GILBERT JOSE MATTA**

By: _____
LOUIE J. YANZA