LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00039 |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S RESPONSE TO** |
| vs. ) | **DEFENDANT SEAN MICHAEL** |
| ) | **COLE'S MOTION TO DISMISS** |
| ) | **THE INDICTMENT** |
| JOHN TIMOTHY PERALTA, ) | |
| DEANNA INGRID MORALES ) | |
| a/k/a DEANNA MORALES GUERRERO, ) | |
| **SEAN MICHAEL COLE** ) | |
| **a/k/a SHAWN COLE,** ) | |
| GILBERT JOSE MATTA, ) | |
| JESSICA ROSE MESA, ) | |
| LISA MARIE RODRIGUEZ ) | |
| a/k/a LISA RODRIGUEZ-COLE, and ) | |
| ANNETTE JOYCE GONZALEZ ) | |
| a/k/a ANNETTE ROMERO, ) | |
| Defendants. ) | |

Defendant SEAN MICHAEL COLE a/k/a SHAWN COLE claims that the pre-trial detention he allegedly endured pending trial precludes prosecution of the instant federal charges in the above-entitled matter on double jeopardy grounds. Schall v. Martin, 467 U.S. 253 (1984), cited by defendant, is not dispositive of the issue. The plaintiffs in Schall did not bring a double jeopardy claim. In Schall, plaintiffs challenged a New York juvenile pre-trial detention statute on the grounds that it violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The Supreme Court in Schall upheld New York's preventive detention law for

juveniles accused of acts of delinquency. The statute authorized pretrial detention of an accused juvenile delinquent based on a finding that there was a "serious risk" that the juvenile may commit an act which if committed by an adult would constitute a crime. Id. at 254-57.

As in Schall, the Supreme Court in United States v. Salerno, 481 U.S. 739 (1987), also upheld the Bail Reform Act, 18 U.S.C. §§ 3141-3156, and concluded that the pretrial detention contemplated by the Act is regulatory in nature and does not constitute punishment before trial in violation of the Constitution. Id. at 746-49.

Moreover, the Fifth Amendment's protection against double jeopardy does not attach until the defendant is put to trial before the trier of fact. In a jury trial the defendant is first exposed to jeopardy when the jury is empaneled. In Serfass v. United States, 420 U.S. 377 (1975), the Supreme Court reconfirmed that "[t]he Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of the facts, whether the trier be a jury or a judge.'" Id. at 388.

The defendant's double jeopardy claim is without merit and his motion to dismiss should be denied.

RESPECTFULLY submitted this 8th day of August, 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

2