FILED
DISTRICT COURT OF GUAM

AUG 16 2005

MARY L.M. MORAN
CLERK OF COURT

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00039 |
| Plaintiff, | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| SEAN MICHAEL COLE a/k/a SHAWN COLE, | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, SEAN MICHAEL COLE a/k/a SHAWN COLE, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count II of an Indictment charging him with conspiracy to distribute over 100 grams of methamphetamine hydrochloride, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and 846. The government agrees to move to dismiss Counts I, III, and IV of the indictment in the above-entitled action, and the superseding indictment against defendant in CR# 05-00049 upon sentencing.

1

2. The defendant, SEAN MICHAEL COLE a/k/a SHAWN COLE, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of the importation, possession, and distribution of controlled substances, money laundering and related unlawful activities, including the disposition of profits from and assets relating to such activities. He agrees to testify fully and truthfully before any grand juries and at any trials or proceedings against any co-conspirators if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that he does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Commonwealth of the Northern Mariana Islands for any other non-violent Federal offenses which he reveals to Federal authorities.

3. The defendant, SEAN MICHAEL COLE a/k/a SHAWN COLE, understands and agrees that any and all assets or portions thereof acquired or obtained by him as a direct or indirect result of illegal trafficking in drugs or used to facilitate such illegal activity shall be surrendered to the United States or any lawful agency as may be directed by the Court. The assets to be surrendered include, but are not limited to, cash, stocks, bonds, certificates of deposit, personal property and real property.

4. The defendant, SEAN MICHAEL COLE a/k/a SHAWN COLE, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner if called upon to do so by the government. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in unlawful drug related activities, his knowledge of others' involvement in such activities, and the identification of any and all assets and conveyances acquired in whole or in part by the defendant or others through unlawful drug related activities or the use of such assets or conveyances to further such unlawful

- 2 -

1 activities. Defendant understands that the government will rely on the polygraph in assessing

2 whether he has been fully truthful.

3      5. The defendant, SEAN MICHAEL COLE a/k/a SHAWN COLE, understands that

4 because he committed such violation after a prior conviction for a felony drug offense had

5 become final, the <u>maximum</u> sentence for conspiracy to distribute over 50 grams of

6 methamphetamine hydrochloride is life imprisonment, an $8,000,000 fine, and a minimum

7 mandatory term of twenty (20) years of incarceration which may not be stayed or suspended by

8 the court. Any sentence imposed shall include a term of supervised release of at least ten (10)

9 years in addition to such term of imprisonment, as well as such restitution as the court may order,

10 and a $100.00 special assessment fee. Defendant understands that if he violates a condition of

11 supervised release at any time prior to the expiration of such term, the court may revoke the term

12 of supervised release, thereby resulting in the additional incarceration of defendant for not more

13 than five (5) years.

14      The total special assessment fee of $100.00 must be paid immediately upon sentencing.

15 The government will recommend a fine within the Sentencing Guidelines range. If defendant is

16 financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure

17 of his financial status to the United States Attorney's Office by completing a Financial Disclosure

18 Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands

19 that, by law, interest accrues on any remaining balance of the debt. If defendant cooperates as set

20 forth in Paragraphs 2, 3, and 4, the government will recommend that defendant receive the

21 minimum term of incarceration legally available under the applicable statutes and Sentencing

22 Guidelines. If defendant does not fully cooperate as set forth in Paragraphs 2, 3, and 4, the

23 government will recommend a sentence of incarceration within the applicable statutes and

24 Guidelines range it may deem appropriate.

25      6. If defendant provides full, truthful, and substantial assistance to investigating

26 federal agencies, the government will move the Court, as provided by Section 5K1.1, United

27 States Sentencing Guidelines, hereinafter USSG, and 18 U.S.C. Section 3553(e), for a downward

28

- 3 -

departure from the Guidelines and the statutory minimum sentence.  Defendant understands the following:

(a) At or before the time of sentencing, the United States will advise the Court of any assistance provided by defendant in the prosecution of another person who has committed a criminal offense.  It is understood and agreed that a motion for departure shall not be made, under any circumstances, unless defendant's cooperation is "substantial."  The United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if defendant complies with the terms of this agreement in all respects, but has been unable to provide "substantial assistance."

(b) The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U.S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

(1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

(3) the nature and extent of defendant's assistance;

(4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and,

(5) the timeliness of any assistance provided by defendant.

(c) It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

7. The defendant understands that to establish a violation of conspiracy to distribute methamphetamine hydrochloride,  the government must prove each of the following elements beyond a reasonable doubt:

First: there was an agreement between the defendant and at least one other person to distribute over 50 grams of methamphetamine hydrochloride, and

Second, the defendant became a member of the conspiracy knowing of its object to distribute methamphetamine hydrochloride, and intending to accomplish it.

8. The defendant understands that the United States Probation Office will calculate

- 4 -

a "sentencing range" within the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but may be used by the District Court in fashioning the sentence. The defendant also understands that the facts he stipulates to herein will be used by probation, pursuant to § 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level:

a. The defendant was born in 1963, and is a citizen of the United States.

b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.8 of the sentencing guidelines, such information should not be used in determining the applicable guidelines range.

c. Beginning sometime in February 2005 and continuing to May 16, 2005, the defendant participated in a conspiracy with other individuals, including Mia Mary Rojas, Gerardo E. Gonzalez, Jr., Annette Gonzalez, John Timothy Peralta, Lisa Rodriguez, Deanna I. Morales a/k/a Deanna M. Guerrero, and Douglas Guerrero to distribute methamphetamine hydrochloride from California to Guam. As part of the conspiracy, the defendant met Mia Mary Rojas and Gerardo E. Gonzalez, Jr. who arrived on Guam on May 16, 2005, as passengers on board Continental Airlines Flight #001. The defendant knew that Rojas smuggled 162.5 grams, gross weight, of methamphetamine hydrochloride also known as "ice" that she concealed in a condom and secreted in her vaginal cavity. The defendant met Rojas and Gonzalez in Room 208 of the Hotel Mai Ana and expected to receive said drugs from Rojas and Gonzalez.

d. The parties stipulate that the defendant's relevant conduct in this case, as defined in USSG Section 1B1.3, shall be the analyzed net weight, exclusive of packaging, of the methamphetamine which Mia Mary Rojas secreted on her person and law enforcement agents discovered when she arrived Guam on May 16, 2005.

e. Previously on about October 5, 1998, defendant was convicted of a felony drug

- 5 -

offense, to wit, possession for sale of a controlled substance, i.e., methamphetamine, a violation of Section 11378 of the Health and Safety code of California in Case No. 331235; H-26063 in the Superior Court of California, County of Alameda.

f. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

g. The government agrees that the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and the government and the Court to allocate their resources efficiently, and that in the event that defendant qualifies for a decrease under U.S.S.G. § 3E1.1(a), the government will move the Court to decrease the offense level by one (1) additional level under U.S.S.G. § 3E1.1(b).

9. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise.

10. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The

- 6 -

defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

11. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. His right to be represented by an attorney;

c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

- 7 -

e. Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendation of the government or his counsel;

f. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

g. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

h. That he has read this agreement, and he fully understands it;

i. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: AUG 1 6 2005

_____
SEAN MICHAEL COLE, a/k/a
SHAWN COLE
Defendant

DATED: AUG 1 6 2005

_____
HOWARD TRAPP
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 8-16-05

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

DATED: 8/16/05

_____
RUSSELL C. STODDARD
First Assistant U.S. Attorney

- 8 -